Filed 3/30/26  P. v. Superior Court (Williams) CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>     Respondent;<br><br>SYLVESTER WILLIAMS,<br><br>     Real Party in Interest. | H051569<br>(Santa Clara County<br>Super. Ct. No. C9925466) |

In 1999, real party in interest Sylvester Williams[1] was convicted of indecent exposure with a prior conviction (Pen. Code, § 314, subd. (1)).[2]  As a result of prior strike convictions, he was sentenced to 25 years to life under a former version of the Three Strikes law, plus an additional two years for two prior prison term enhancements.

In 2023, after the Legislature limited the circumstances in which a prior prison term enhancement may apply, the trial court resentenced Williams under section 1172.75.  The court, in addition to striking the two prior prison term enhancements, imposed a six-year term (the upper term doubled) on Williams as a second striker under the Three Strikes

---

[1] Williams is also referred to in the record as Sylester Williams.

[2] Unspecified statutory references are to the Penal Code unless otherwise indicated.

Reform Act of 2012 (the Three Strikes Reform Act or Reform Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) and deemed the sentence satisfied.

In a petition for writ of mandate to this court, the People, represented by the district attorney, contended that the trial court erred in applying the revised penalty provisions of the Three Strikes Reform Act (§ 1170.12), which resulted in Williams receiving a six-year sentence, when the court resentenced him under section 1172.75 due to invalid prior prison term enhancements. This court stayed the resentencing order. In an opinion filed by this court in 2024, a majority determined that Williams was entitled to resentencing under section 1172.75 due to his legally invalid prior prison term enhancements, but that he remained subject to a third strike sentence of 25 years to life. Williams petitioned the California Supreme Court for review. The Supreme Court granted review and later transferred the matter to this court with directions to vacate our decision and to reconsider the cause in light of *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838 (*Guevara*). We have vacated our prior decision by separate order.

In *Guevara*, the California Supreme Court held that the revised penalty provisions of the Three Strikes Reform Act may constitutionally apply at a section 1172.75 resentencing hearing, unless the trial court finds that the defendant poses an unreasonable risk of danger to public safety within the meaning of the Reform Act. (*Guevara*, *supra*, 18 Cal.5th at pp. 850, 878; see § 1170.126, subds. (f)-(g).) The California Supreme Court determined that a remand was appropriate in the case before it for the trial court to make the requisite public safety determination. (*Guevara*, *supra*, at p. 878 & fn. 16.)

Based on the California Supreme Court's guidance in *Guevara*, we will issue a peremptory writ of mandate directing respondent court to vacate its order resentencing Williams to a six-year term and to hold a new resentencing hearing. If the superior court determines that resentencing Williams pursuant to the revised penalty provisions of the Reform Act would "pose an unreasonable risk of danger to public safety," the court shall reimpose an indeterminate term. (§ 1170.126, subds. (f)-(g); see *Guevara*, *supra*, 18 Cal.5th

2

at p. 878.)  If the superior court does not determine that resentencing Williams would "pose an unreasonable risk of danger to public safety," and Williams is otherwise eligible under the Reform Act, the court shall resentence Williams pursuant to the revised penalty provisions of the Reform Act.  (§§ 1170.126, subds. (f)-(g), 1170.12, subd. (c)(1), (2)(C), 1172.75, subd. (c); see *Guevara*, *supra*, at p. 878.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 1999, Williams was convicted after court trial of indecent exposure with a prior conviction (§ 314, subd. (1)).  The court also found true allegations that Williams had suffered five prior strike convictions (former §§ 667, subds. (b)-(i), 1170.12) and had served two prior prison terms (former § 667, subd. (b)).  Williams was sentenced to 25 years to life consecutive to a two-year term for the prior prison term enhancements.

In 2012, Williams filed a petition for recall of sentence under section 1170.126 of the Three Strikes Reform Act.  Under the Reform Act, some third strike defendants whose current offense is not a serious or violent felony "are excepted from the provision imposing an indeterminate life sentence [citation] and are instead sentenced in the same way as second strike defendants [citation]: that is, they receive a term equal to 'twice the term otherwise provided as punishment for the current felony conviction' [citation]."  (*People v. Conley* (2016) 63 Cal.4th 646, 653.)  In Williams's case, the trial court denied the petition after finding that Williams posed an unreasonable risk of danger to public safety.  (See § 1170.126, subd. (f).)

In 2023, after the Legislature limited the circumstances in which a prior prison term enhancement may apply, Williams sought resentencing under section 1172.75 regarding his newly invalid prior prison term enhancements.  Williams contended that in addition to striking the enhancements, he was entitled to be resentenced to a maximum sentence of six years as a "two-striker" under the revised penalty provisions of the Three Strikes Reform Act because his most recent conviction was not a serious or violent felony.  (See § 1172.75, subd. (d)(2) [at resentencing, court "shall . . . apply any other changes in law that reduce

3

sentences"].)  The district attorney opposed resentencing Williams.  The trial court ultimately determined that it was required to apply the current law at a section 1172.75 resentencing, and that Williams was therefore entitled to be resentenced as a second striker. The court resentenced Williams to six years, struck the two prior prison term enhancements, and deemed the sentence satisfied.

In a petition for writ of mandate to this court, the district attorney contended that the trial court erred in applying the revised penalty provisions of the Three Strikes Reform Act and resentencing Williams to six years.  The district attorney argued that by applying the revised penalty provisions of the Three Strikes Reform Act when resentencing Williams under section 1172.75, the court bypassed the public safety inquiry required by section 1170.126 of the Three Strikes Reform Act, and that section 1172.75 thereby constituted an improper amendment of the Three Strikes Reform Act.  The district attorney sought a writ of mandate directing the trial court to set aside its order recalling Williams's sentence and to enter a new order denying Williams's petition for resentencing under section 1172.75.

In an opinion filed by this court in 2024, a majority determined that Williams was entitled to resentencing under section 1172.75 due to his legally invalid prior prison term enhancements, but that he remained subject to a third strike sentence of 25 years to life. Subsequent to the Supreme Court's transfer of the matter to this court with directions to vacate our decision and to reconsider the cause in light of *Guevara*, the district attorney and Williams agree that a new resentencing hearing is required.

## II. DISCUSSION

The trial court in *Guevara*, similar to the instant case, conducted a resentencing pursuant to section 1172.75 due to the defendant's invalid prior prison term enhancements. (*Guevara*, *supra*, 18 Cal.5th at p. 850.)  At the resentencing, similar to the instant case, the trial court resentenced the defendant from an indeterminate term under the former version of the Three Strikes law to a determinate term under the Reform Act. (*Guevara*, *supra*, at

4

pp. 849, 850.) The district attorney in *Guevara* filed a writ petition contending that section 1172.75 unconstitutionally amended section 1170.126 of the Reform Act. (*Guevara*, *supra*, at p. 850.) A Court of Appeal majority agreed. (*Ibid.*)

The California Supreme Court determined, however, that section 1170.126 of the Reform Act was not "the sole avenue for third strike defendants to pursue recall and resentencing relief from an indeterminate term of imprisonment imposed pursuant to the Three Strikes law." (*Guevara*, *supra*, 18 Cal.5th at p. 857.) Rather, section 1172.75 is "a legislative statute, independent of section 1170.126, which requires a court, upon determining that 'the current judgment includes' a now-invalid [prior prison term] enhancement, to 'recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)" (*Guevara*, *supra*, at p. 860.) At a resentencing under section 1172.75, in addition to considering whether the "elimination of the repealed enhancement" is appropriate (*id.*, subd. (d)(1)), the "court shall . . . apply any other changes in law that reduce sentences . . . ." (*Id.*, subd. (d)(2).)

In *Guevara*, the California Supreme Court addressed "whether Penal Code section 1172.75, by permitting recall and resentencing of indeterminate third strike sentences, amends Penal Code section 1170.126, in violation of . . . the California Constitution." (*Guevara*, *supra*, 18 Cal.5th at p. 850.) The latter provision—section 1170.126—is part of the Three Strikes Reform Act and was added by an initiative, Proposition 36. (*Guevara*, *supra*, at p. 849.) The California Supreme Court explained that the California Constitution allows the Legislature to " 'amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without the electors' approval.' [Citations.]" (*Guevara*, *supra*, at p. 855.) The Three Strikes Reform Act "allows legislative amendment '[b]y statute passed in each house of the Legislature, by rollcall entered in the journal, with two-thirds of the membership and the Governor concurring.' [Citation.]" (*Guevara*, *supra*, at p. 855.) However, "because section 1172.75 was enacted by less than a two-thirds

5

majority of the Legislature, an application of the statute that amends section 1170.126 is unconstitutional." (*Id.* at pp. 855-856.)

The California Supreme Court determined that section 1170.126 of the Three Strikes Reform Act "was 'designed to strike a balance between the[] objectives of mitigating punishment and protecting public safety by . . . making resentencing subject to the trial court's evaluation of whether, based on their criminal history, their record of incarceration, and other relevant considerations, their early release would pose an "unreasonable risk of danger to public safety." ' [Citations.] . . . [L]egislative history suggests the voters understood that previously sentenced nonserious, nonviolent third strike offenders would not be entitled to resentencing on their indeterminate sentence if the trial court, in its discretion, determined that resentencing would pose an 'unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Guevara, supra*, 18 Cal.5th at p. 863.)

The California Supreme Court stated that interpreting section 1172.75 as "entirely exempting defendants from section 1170.126's discretionary public safety override[] would arguably nullify the amendment provision of the Reform Act." (*Guevara, supra*, 18 Cal.5th at p. 864.) However, the California Supreme Court determined that "[c]onstruing the discretionary public safety determination of section 1170.126 as applicable at a section 1172.75 resentencing ' " ' " 'maintain[s] the integrity of both statutes,' " ' " ' such that ' " ' " 'the two may stand together.' " ' " ' [Citation.]" (*Id.* at p. 865.) The court thus held that "as a matter of constitutional avoidance, section 1172.75 incorporates section 1170.126's discretionary public safety override as a condition for nonserious, nonviolent third strike offenders to obtain resentencing under the revised penalty provisions of the Reform Act. Because section 1172.75 and section 1170.126, thus interpreted, operate harmoniously, the revised penalty provisions of the Reform Act may constitutionally apply at a resentencing pursuant to section 1172.75." (*Id.* at p. 850.)

Regarding the appropriate disposition, the California Supreme Court explained that "[w]here 'a sentencing court was not fully aware of the scope of its discretionary powers,

6

"the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " ' [Citation.]" (*Guevara*, *supra*, 18 Cal.5th at p. 878, fn. 16.)  In the case before the California Supreme Court, the record did "not 'clearly indicate' the trial court would have resentenced [the defendant] pursuant to the revised penalty provisions of the Reform Act ' " 'even if it had been aware that it had such discretion.' " ' [Citation.]" (*Ibid.*)

The California Supreme Court stated that a remand was therefore appropriate for the trial court to determine whether resentencing the defendant "pursuant to the revised penalty provisions of the Reform Act would 'pose an unreasonable risk of danger to public safety,' " and if so, "the court shall reimpose an indeterminate term.  (§ 1170.126, subds. (f)-(g).)" (*Guevara*, *supra*, 18 Cal.5th at p. 878, fn. omitted.)  On the other hand, if the trial court did "not determine that resentencing [the defendant] would 'pose an unreasonable risk of danger to public safety,' and [the defendant was] otherwise eligible under the Reform Act," then "the court shall resentence [the defendant] pursuant to the revised penalty provisions of the Reform Act.  (§§ 1170.126, subds. (f)-(g), 1170.12, subd. (c)(1), (2)(C), 1172.75, subd. (c).)" (*Ibid.*)

The California Supreme Court also made the following observation regarding resentencing:  "The resentencing court is not bound by the prior dangerousness determination associated with [the defendant's] section 1170.126 petition.  Rather, section 1172.75 requires that the resentencing court makes a new determination as to whether a defendant's resentencing would 'pose an unreasonable risk of danger to public safety' as of the present day.  (§ 1170.126, subd. (f).)  A prior finding that a particular defendant poses a risk to public safety under section 1170.126, subdivision (f) is unquestionably relevant, and will no doubt be given consideration by a court subsequently resolving a resentencing under section 1172.75 involving an indeterminate Three Strikes sentence.  However, given significant passage of time, it is possible that a defendant who

7

once presented a threat to public safety may no longer do so. For instance, not only may defendants present evidence that they have significantly rehabilitated since a prior section 1170.126 proceeding, but serious illness or advanced age may have substantially reduced the danger to public safety they once posed. Realistically assessing such changed circumstances is appropriately left to the trial court on remand." (*Guevara*, *supra*, 18 Cal.5th at p. 878, fn. 17.)

In the present case, the trial court conducted a resentencing under section 1172.75 due to Williams's invalid prior prison term enhancements, and the court resentenced Williams to six years as a second striker under the Three Strikes Reform Act. In this court, the parties filed supplemental briefs agreeing that a new resentencing hearing is required based on *Guevara*. We agree with the parties. The record does "not 'clearly indicate' " the trial court would have resentenced Williams pursuant to the revised penalty provisions of the Three Strikes Reform Act had the court been aware that the discretionary public safety determination of section 1170.126 applies at a section 1172.75 resentencing. (*Guevara*, *supra*, 18 Cal.5th at p. 878, fn. 16.) We will therefore issue a peremptory writ of mandate in accordance with the disposition in *Guevara*. (See *id*. at p. 878.)

### III.    DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its order resentencing Sylvester Williams to a six-year term and to hold a new resentencing hearing. If the superior court determines that resentencing Williams pursuant to the revised penalty provisions of the Reform Act would "pose an unreasonable risk of danger to public safety," the court shall reimpose an indeterminate term. (Pen. Code, § 1170.126, subds. (f)-(g); see *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 878.) If the superior court does not determine that resentencing Williams would "pose an unreasonable risk of danger to public safety," and Williams is otherwise eligible under the Reform Act, the court shall resentence Williams pursuant to the revised penalty provisions of the Reform Act. (Pen. Code, §§ 1170.126, subds. (f)-(g), 1170.12, subd. (c)(1), (2)(C), 1172.75, subd. (c);

8

see *Guevara*, *supra*, at p. 878.)  Upon issuance of the remittitur, this court's stay order is vacated.

_____
Greenwood, P. J.

WE CONCUR:


_____
Wilson, J.


_____
Bromberg, J.


H051569 People v. Superior Court (Williams)